IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

DONALD T. FOSTER,

          Plaintiff

VS.

RALPH BATTLE, *et al.*,

          Defendants

NO. 5:05-CV-437 (CAR)

**PROCEEDINGS UNDER 42 U.S.C. §1983**
**BEFORE THE U. S. MAGISTRATE JUDGE**

# RECOMMENDATION

Plaintiff DONALD T. FOSTER has sued the defendants herein alleging that while he was incarcerated at Bostick State Prison ("BSP"), the defendants used — or were deliberately indifferent to the use of — excessive force in violation of the plaintiff's eighth amendment right to be free from cruel and unusual punishment. Pending before the court is the defendants' MOTION FOR SUMMARY JUDGMENT to which plaintiff Foster has responded. Tabs #19 and #27. The defendants have replied to the plaintiff's response. Tab #28. Also in the record are a number of exhibits, including affidavits of the parties, the deposition of the plaintiff, and statements of facts submitted by all parties.

**SUMMARY JUDGMENT STANDARD**

Rule 56 of the *Federal Rules of Civil Procedure* dealing with motions for summary judgment provides as follows:

> *The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.*

Summary judgment can only be granted if there are no genuine issues of material fact and if the moving party is entitled to judgment as a matter of law. *Fed.R.Civ.P. 56(c);* ***Warrior Tombigbee Transportation Co. v. M/V Nan Fung***, 695 F.2d 1294, 1296 (11th Cir. 1983). While the evidence and all factual inferences therefrom must be viewed by the court in the light most favorable to the party opposing the motion, the party opposing the granting of the motion for summary judgment cannot rest on his pleadings to present an issue of fact but must make a response to the motion by filing affidavits, depositions, or otherwise in order to persuade the court that there are material facts present in the case which must be presented to a jury for resolution. *See* ***Van T. Junkins & Assoc. v. U.S. Industries, Inc.***, 736 F.2d 656, 658 (11th Cir. 1984).

Specifically, the party seeking summary judgment bears the initial burden to demonstrate to the court the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions which it believes show that there is an absence of any genuine issue of material fact. ***Hairston v. The Gainesville Sun Publishing Co.***, 9 F.3d 913 (11th Cir.1998). In determining whether the moving party has met this burden, the court must review the evidence and all factual inferences drawn from this, in the light most favorable to the non-moving party. ***Welch v. Celotex Corp.***, 951 F.2d 1235, 1237 (11th Cir. 1992).

If the moving party successfully meets this burden, the burden then shifts to the non-moving party to establish by going beyond the pleadings, that there are genuine issues of material fact to be resolved by a fact-finder. ***Clark v. Coats & Clark, Inc***., 929 F.2d 604, 608 (11th Cir. 1991). Genuine issues are those as to which the evidence is such that a reasonable jury could find for the non-movant. ***Anderson v. Liberty Lobby, Inc.***, 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).[1]

**FACTS**

The plaintiff's deposition contains a narrative of the facts and circumstances that give rise to the instant action:

> *March 14th, 2005, I was at the medical section because I was on the sick call list. And the officer instructed me to go and see the nurse. And after seeing the nurse, I was instructed to go back out because I wasn't on her list. So I ask the officer what to do, and she called for her supervisor, which was Sergeant Askew, and he came down and he and I talked and — and he escorted me to the security office. And while there, he got on his radio and called for some officers. And Officer Madison and Officer Beckum came to the security office.*

- 2 -

---

[1] *See also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (the purpose of summary judgment is to pierce the pleadings and assess the proof in order to see whether there is a genuine need for trial); *Brown v. City of Clewiston*, 848 F.2d 1534, 1543 (11th Cir. 1988) (the question is whether the record as a whole could lead a rational trier of fact to find for the nonmovant).

> *So I had a staph infection in my knee so that meant that my leg was propped up. So I'm in a wheelchair, so I'm sitting there. Sergant Askew walks by me, as if to speak with someone down the hallway, and then that's when he struck me with his fist with the handcuff in his fist, and so my reaction was to move. And so while in the process of me trying to get out of the way, Officer Madison grabbed my arm and held me down in the wheelchair and Officer Askew hit me again. And so he tried to handcuff me, but by me being in a wheelchair, he couldn't handcuff my hands behind me. So my hands were in front of me. He handcuffed me and got behind my chair to roll me through the doorway to isolation. But in the process, he lifted the back of the chair and almost dumped me out of the chair. And Officer Madison stepped in and kind of pushed him out of the way, and said, well I've got him, Sergeant. I'll take him to isolation. And Sergeant Askew stated, yes, get this MF out of here before I lose my job. And so Officer Madison took me to isolation where I stayed for 15 days, and I constantly filled out sick call requests, because after the incident, I started having headaches and dizzy spells, but no one would see me.*

Deposition of Donald T. Foster at 7-8.

Plaintiff later clarified that defendant Askew was using the handcuffs in his hand in the manner in which one would use brass knuckles as a weapon.

As a result of the alleged assault, plaintiff Foster had some bruises which healed over the next two weeks while he was in segregation and a cut on his head which did not leave a visible scar. Plaintiff has also made allegations about blurred vision, headaches, and dizzy spells, but has not provided *any* medical evidence demonstrating a *causal connection* between any assault and those symptoms.

## DISCUSSION

In considering a claim alleging excessive force, a court "must ask both if the officials acted with a sufficiently culpable state of mind and if the alleged wrongdoing was objectively harmful enough to establish a constitutional violation." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). The Eleventh Circuit has interpreted the second prong set forth in *Hudson* to mean that a prisoner cannot recover pursuant to the eighth amendment if he cannot show more than *de minimis* injury. *Boxer X v. Harris*, 437 F.3d 1107, 1111 (11th Cir. 2006).

The only injuries which plaintiff Foster can show with any degree of certainty that were the result of the assault in question are bruises and a cut for which no medical attention was necessary.[2] While plaintiff alleges that his dizziness, blurred vision, and headaches *might* be the result of the defendants' actions, he has provided no medical evidence to support such a claim. Moreover, the plaintiff's medical file shows that he has a history of other health issues (e.g. high blood pressure) which could contribute to such symptoms.

Because the plaintiff has not shown any more than *de minimis* injury as a result of any incident on March 14, 2005, his claims regarding the alleged beating must fail pursuant to *Boxer X*.

Plaintiff Foster's only claims against defendants RALPH BATTLE and JOHN JEANES are that they condone a culture of inmate beatings at the prison. These claims fail because the plaintiff has provided no competent evidence to support them, and because the underlying beating of which the plaintiff complains is not actionable for the reasons discussed above.[3]

## CONCLUSION

Accordingly, IT IS RECOMMENDED that the defendants' MOTION FOR SUMMARY JUDGMENT be **GRANTED**. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

SO RECOMMENDED this 19th day of FEBRUARY, 2008.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE

---

[2] It is noted that the plaintiff attempted to be seen by medical for his injuries. However, with no lasting effect from either the bruises or any cut, it cannot be said that medical care was necessary for their treatment.

[3] The only evidence plaintiff Foster offers to support his contention of the widespread use of excessive force in the Georgia penal system is a list of the cases that counsel for the plaintiff has filed in which excessive force is *alleged*. Plaintiff has failed to show where any judgment has been rendered against any defendant in such an action, much less any evidence of any such judgment against the defendants herein or any other prison official at BSP.