THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| DONALD T. FOSTER, | : | |
| | : | |
| Plaintiff, | : | Civil Action |
| | : | No. 5:05-cv-437 (CAR) |
| v. | : | |
| | : | |
| WARDEN RALPH BATTLE, | : | |
| DEPUTY WARDEN JOHN JEANES, | : | |
| SERGEANT JOHN ASKEW, | : | |
| OFFICER M. MADISON, | : | |
| OFFICER BECKUM, | : | |
| | : | |
| Defendants. | : | |

## ORDER ON THE REPORT AND RECOMMENDATION OF
## THE UNITED STATES MAGISTRATE JUDGE

This case is before the Court on the Report and Recommendation ("the Recommendation") of the United States Magistrate Judge, who recommends that the Defendants' motion for summary judgment be granted. Plaintiff has entered his objections to the Recommendation. Upon review of the Recommendation and the objections, and upon *de novo* review of the arguments of the parties and the evidentiary materials on file, this Court disagrees with the findings of the Magistrate Judge and finds that there are genuine issues of material fact that preclude summary judgment and require trial of Plaintiff's claims on the merits.

In this case Plaintiff alleges that correctional officers used excessive force against him while he was an inmate at Bostwick State Prison in Hardwick, Georgia. According to Plaintiff's testimony, he was assaulted by Defendant Askew on March 14, 2005. Plaintiff contends that he was in the medical section of the prison to visit a nurse for treatment of a staph infection in his left knee.

1

He had recently had surgery on the infection and was in a wheelchair with his leg elevated. The nurse told Plaintiff that he was not on the sick call list and called her supervisor, Defendant Askew. Askew escorted Plaintiff to the security office. According to Plaintiff, Askew called Defendants Madison and Beckum to the office. While Madison and Beckum were present, Askew struck Plaintiff in the head behind his left ear, using a pair of handcuffs as a "brass knuckle." When Plaintiff attempted to dodge the blow, Madison held him down and Askew hit him a second time in the same place. Beckum did not intervene. Plaintiff was then taken to an isolation cell, where he was kept in isolation for the next fifteen days. While in isolation, Plaintiff filled out numerous sick call requests for treatment for headaches and dizziness that he contends were caused by the assault, but did not receive such treatment.

Plaintiff's testimony as to this alleged assault raises genuine issues of material fact as to his claims of excessive force. The Eighth Amendment's prohibition against cruel and unusual punishment governs the use of force against prison inmates. Under the Eighth Amendment, an application of force is cruel and unusual punishment if it constitutes an "unnecessary and wanton infliction of pain." Hudson v. McMillian, 503 U.S. 1, 5 (1992). In cases involving allegations of excessive force in a prison context, the "core judicial inquiry" is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. Id. at 7. If Plaintiff's testimony is accepted as true, as it must be on motion for summary judgment, a reasonable jury could conclude that the use of force he describes was such a malicious and sadistic infliction of pain and that it served no disciplinary purpose. In the situation described by Plaintiff's testimony, Plaintiff did not pose any threat to the officers or to the order of the prison. He was confined to a wheelchair, isolated in the security office, and surrounded by three officers. He did

2

not offer any violence or physical resistance to the officers. The alleged use of force seems to have served no other purpose but to vent Defendant Askew's frustrations with Plaintiff.

Defendants' argument that any injury from the beating was "de minimis" is without merit. Seriousness of the injury is relevant only where some application of force was justified but where it is alleged that the force applied exceeded the force needed in the circumstances. In a situation where there is no justification for the use of force, any use of force is excessive. See Hudson, 503 U.S. at 7-8. In this case, if the jury believes that Plaintiff was struck twice in the head with a closed fist holding a pair of metal handcuffs, it would be justified in awarding Plaintiff damages for his pain and suffering in receiving the blows and for any persistent pain or other effects afterward.

Summary judgment must therefore be denied as to claims against Defendants Askew, Madison, and Beckum. Madison may be liable if it is found that he assisted Askew by holding Plaintiff down while Askew struck him. Beckum may also be liable for failing to intervene and prevent the excessive use of force. "[A]n officer who is present at the scene and who fails to take reasonable steps to protect the victim of another officer's use of excessive force can be held personally liable for his nonfeasance." Skrtich v. Thornton, 280 F.3d 1295, 1301 (11th Cir. 2002). These officers are not protected by qualified immunity because a use of force sadistically and maliciously to cause harm has been clearly established to be a violation of the Eighth Amendment. Id. A reasonable officer in the circumstances would have known that it was an excessive use of force to strike Plaintiff twice in the head for no reason.

Summary judgment is appropriate, however, with regard to Plaintiff's claims against Defendants Battle and Jeanes. The claims that Plaintiff brings against these Defendants arise from their positions as Warden and Deputy Warden of the prison. There is no vicarious liability under

3

Section 1983, and a supervisor may be found liable only when he "personally participates in the alleged unconstitutional conduct or when there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003). There is no contention that either Battle or Jeanes participated in or were present for the alleged use of force in this case. In addition, there is no evidence of any causal connection between their actions and the use of force.

Plaintiff contends generally that Battle and Jeanes were aware of a pattern of abuses at the prison, but has failed to present any colorable evidence of such a pattern or of any knowledge of such a pattern by the warden and deputy warden. He has testified that he himself witnessed one use of force by Defendant Askew against another prisoner, but this testimony is insufficient to create an inference that Battle or Jeanes condoned a pattern or practice of abuse. Plaintiff's testimony is not even sufficient to establish that the incident he witnessed was an excessive use of force. He merely testifies that he witnessed Askew force an inmate to the ground and apply handcuffs to the inmate. Plaintiff's Dep., p. 94. He did not see Askew strike the inmate, and offers no evidence as to the context of the use of force. In addition to this specific instance, Plaintiff offers his testimony that the institution "had a reputation of jumping on inmates." Id. This testimony, which has no basis in Plaintiff's personal knowledge, is insufficient to create an issue of fact.

As evidence of supervisory liability, Plaintiff has also offered a list of excessive force cases filed against prison officials in the State of Georgia. This evidence also fails to create a genuine issue of material fact. The list includes no other case alleging excessive force at Bostick State Prison. Even if it did, the filing of a lawsuit is not in itself evidence of anything. Plaintiff has not presented any evidence in the form of affidavits or testimony from witnesses with personal

4

knowledge of any pattern or practice of excessive force at Bostick or of any knowledge of or participation in the excessive use of force by Defendants Battle and Jeanes. In the absence of real evidence as to their liability, they are entitled to summary judgment.

Accordingly, the Recommendation is **REJECTED**, and it is hereby ordered that Defendants' motion for summary judgment (Doc. 19) be **DENIED** with regard to Defendants Askew, Madison, and Beckum, and **GRANTED** with regard to Defendants Battle and Jeanes.

**SO ORDERED**, this 25th day of March, 2008.

 S/ C. Ashley Royal
 C. ASHLEY ROYAL
 UNITED STATES DISTRICT JUDGE

chw